# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TAMMY BERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:20-CV-890 RLW |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B) (ECF No. 25).  Plaintiff seeks attorney's fees in the amount of $2,178.75, which amount is based on multiplying 10.5 hours of attorney time by a rate of $207.50 per hour.  Defendant filed a response that states the Commissioner has no objection to an award of attorney's fees under the EAJA in the amount of $2,178.75.  Defendant states that the award should be paid by the Social Security Administration, and made payable directly to Plaintiff pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010).

The Court has reviewed Plaintiff's application for an award of fees and expenses under the EAJA, and concludes the statutory requirements are met.  By Memorandum and Order and Judgment of Remand dated September 29, 2021, the Court remanded this case to defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  A claimant seeking judicial review of a final decision denying Social Security disability benefits may recover attorney's fees if she receives a "sentence four" remand.  See Shalala v. Schaefer, 509 U.S. 292, 295-96 (1993). Having determined that Plaintiff is a prevailing party, the Court must next determine whether the Defendant's position was substantially justified.

Pursuant to the EAJA, a prevailing party is entitled to an award of attorney's fees "unless the court finds that the position of the United States was substantially justified[.]" 28 U.S.C. § 2412(d)(1)(A). The Commissioner has the burden of proving that the initial denial of benefits was substantially justified. Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991). The determination whether the Commissioner's position was substantially justified is a matter for the Court's discretion. Pierce v. Underwood, 487 U.S. 552, 557-63 (1988). The Commissioner's position is considered substantially justified if it was "justified to a degree that could satisfy a reasonable person" in denying the request for benefits. Id. at 556-66. The Commissioner's denial of benefits may be substantially justified even though the denial was not supported by substantial evidence on the overall record. Welter, 941 F.2d at 676.

On review of the record, the Court finds that the Commissioner's position was not substantially justified, and the Commissioner makes no effort to establish that it was. The Court remanded this case after concluding the record as a whole showed there was no reliable medical evidence providing a basis for the Administrative Law Judge's conclusion that Plaintiff could perform the requirements of light work as set out in the Social Security regulations and in the RFC determination. The Court further determined this error was not harmless.

The statute provides that attorney's fees may not be awarded in excess of $125.00 per hour—the maximum statutory rate under § 2412(d)(2)(A)—unless the Court finds an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989). The hourly rate should be increased, however, where there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125]

per hour," such as the Consumer Price Index. Johnson v. Sullivan, 919 F.2d 503, 504, 505 (8th Cir. 1990). In this case, Plaintiff's motion is accompanied by an itemized statement of attorney time and an exhibit showing uncontested evidence of an increase in the cost of living during the relevant time period based on the Consumer Price Index. The Court agrees with counsel that a cost of living increase is appropriate as requested.

Because Plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, the Court finds she is entitled to attorney's fees in the amount of $2,178.75 from the Social Security Administration. The payment is properly made directly to Plaintiff. See Ratliff, 560 U.S. at 593-94.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act is **GRANTED**. (ECF No. 25)

**IT IS FURTHER ORDERED** that the Social Security Administration shall remit to Plaintiff Tammy Berry attorney's fees under the EAJA in the amount of Two Thousand One Hundred Seventy-Eight Dollars and Seventy-Five Cents ($2,178.75), subject to any pre-existing debt Plaintiff owes the United States. The check should be mailed to Plaintiff's counsel, Jeffrey J. Bunten, Jeffrey J. Bunten LLC, 36 Four Seasons Center, Suite 340, Chesterfield, Missouri 63017.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of November, 2021.